**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED WORLD LINE INC.**<br>**1340 Depot Street, Suite 200**<br>**Rocky River, Ohio 44116,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONTEXT CREDIT HOLDING LP**<br>**One Belmont Avenue, Suite 630**<br>**Bala Cynwyd, Pennsylvania 19004,**<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No.**<br><br>**Judge** |

## COMPLAINT

Plaintiff United World Line Inc. ("UWL"), by and through its undersigned attorneys, brings this Complaint against Defendant Context Credit Holding LP ("Context"). In support of this Complaint, UWL states the following:

## PARTIES

1. Plaintiff UWL is a corporation organized and existing under the laws of the state of Ohio, having its principal place of business at 1340 Depot Street, Cleveland, Ohio 44116.

2. Defendant Context is a limited partnership organized and existing under the laws of the state of Delaware, having its principal place of business at One Belmont Avenue, Suite 630, Bala Cynwyd, Pennsylvania, 19004.

## JURISDICTION AND VENUE

3. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1333.

5. This Court also has subject matter jurisdiction over this case under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant.

6. Personal jurisdiction and venue are proper in this Court because the terms and conditions of the bill of lading under which the cargo at issue moved contain a forum selection clause providing that the federal and state courts of Ohio shall have exclusive jurisdiction for suits arising thereunder. Context having thus consented to the personal jurisdiction of this Court, venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

7. UWL is a non-vessel operating common carrier ("NVOCC") licensed by the Federal Maritime Commission ("FMC"). UWL provides a variety of transportation services for entities shipping cargo internationally.

8. As required by the FMC, UWL maintained, at all times relevant to this case, a freely accessibly and publicly available tariff.

9. Context is an asset-based lender that extended credit to Rize Home, LLC ("Rize"), an importer and seller of furniture.

10. Rize hired UWL to provide transportation services for the import of certain items of furniture (the "Goods").

11. The Goods were transported under UWL's ocean bill of lading and subject to both its bill of lading terms and conditions as well as its tariff.

12. Context was identified as the consignee on UWL-issued bills of lading for shipments of the Goods.

13. Context knew that it was identified as the consignee on UWL-issued bills of lading for shipments of the Goods. Upon information and belief, Context conditioned its extension of

credit to Rize on being identified as the consignee on bills of lading and that the bill of lading or document of title be delivered to Context.

14. Pursuant to UWL's bill of lading terms and conditions, the Merchant, which includes *inter alia* the consignee identified on the face of the bill of lading, is liable for the freight and related charges arising in connection with the bill of lading.

15. Although UWL provided transportation services for the Goods, UWL has not been paid for its services, for which the outstanding balance totals at least $846,871.42. This amount continues to accrue.

16. UWL sent a demand letter to Context seeking payment of the outstanding balance on shipments consigned to Context, which demand Context refused.

**COUNT I**
**(BREACH OF CONTRACT)**

17. UWL incorporates by reference paragraphs 1 to 16 as if fully set forth hereat.

18. UWL provided transportation services for the Goods at issue.

19. UWL issued bills of lading under which the Goods at issue moved.

20. UWL fully performed on the bill of lading contracts at issue.

21. Context is identified as the consignee on the shipments of the Goods handled by UWL. Context is included in the definition of Merchant under the terms and conditions of UWL's bills of lading. A sample bill of lading is attached as Exhibit 1.

22. Context is liable for the freight and related charges arising under the bills of lading issued for the transportation of the Goods.

23. Despite demand having been made, Context has refused to pay the freight and related charges for UWL's transportation of the Goods.

24. Pursuant to the terms and conditions of the bills of lading under which the Goods at issue moved, Context is liable for freight and related charges totaling at least $846,871.42. This amount continues to accrue.

25. Context is in breach of the bills of lading, which are the contracts of carriage for the transportation at issue.

**WHEREFORE**, Plaintiff United World Line Inc. seeks recovery from Defendant Context Credit Holding LP for:

A. Freight and related charges in the amount of at least $846,871.42, which amount continues to accrue;

B. Court costs; and

C. Such other relief as the Court deems appropriate.

Dated: September 10, 2026

Respectfully submitted,

*/s/ Matthew D. Gurbach*
Matthew D. Gurbach (0076707)
BRICKER GRAYDON WYATT LLP
1100 Superior Avenue, Suite 1600
Cleveland, Ohio 44114
(216) 523-5405
(216) 523-7071 (facsimile)
mgurbach@bricker.com

Brendan Collins*
Rachel E. Amster*
(**pro hac vice applications forthcoming*)
GKG LAW P.C.
1055 Thomas Jefferson Street NW, Suite 620
Washington, DC 20007
(202) 342-6793
(202) 342-5219 (facsimile)
bcollins@gkglaw.com
ramster@gkglaw.com

*Attorneys for Plaintiff United World Line Inc.*