**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED WORLD LINE INC., | : | Case No. 1:26-cv-02209 |
| | : | |
| Plaintiff, | : | Judge David A. Ruiz |
| | : | |
| v. | : | |
| | : | |
| CONTEXT CREDIT HOLDINGS, LP | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CONTEXT CREDIT HOLDINGS, LP'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant and Counterclaim-Plaintiff Context Credit Holdings, LP[1] ("Context" or "Defendant"), by and through its undersigned counsel, hereby files its Answer to the Complaint filed by Plaintiff and Counterclaim-Defendant United World Line Inc. ("UWL" or "Plaintiff"), along with its Counterclaims against UWL as follows:

## PARTIES

1. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

2. Admitted in part; denied in part. It is admitted that Defendant's correct name is Context Credit Holdings, LP, that Defendant is a limited partnership organized under the laws of the State of Delaware, and that Defendant's principal place of business is located at One Belmont

[1] Incorrectly named in the Complaint as "Context Credit Holding LP."

Avenue, Suite 630, Bala Cynwyd, Pennsylvania 19004. Defendant denies the remaining allegations in this paragraph, including to the extent they incorrectly name Defendant.

## JURISDICTION AND VENUE

3. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

4. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

5. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

6. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph. It is specifically denied that Defendant consented to, or is bound by, any forum selection clause in UWL's bill of lading terms and conditions.

## FACTS

7. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

8. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the

same. By way of further response, this paragraph of the Complaint states a conclusion of law for which no answer is required.

9. Admitted in part; denied in part. It is admitted that Context is an asset-based lender that extended credit to Rize Home, LLC ("Rize"). Defendant denies the remaining allegations in this paragraph, including to the extent they characterize Context as a shipper, buyer, purchaser, importer, owner, merchant, or party responsible for freight or related charges.

10. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

11. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

12. Admitted in part; denied in part. It is admitted only that one or more bills of lading, including the sample bill of lading attached to the Complaint, contain language identifying goods as consigned "to order of" Context. Defendant denies that any such designation made Context a party to, or otherwise bound Context to, UWL's bills of lading or their terms and conditions. Any such designation reflected only Context's lien perfection and collateral monitoring role as Rize's secured lender, not any agreement by Context to assume freight or related charges. Defendant denies the remaining allegations of this paragraph.

13. Admitted in part; denied in part. This paragraph of the Complaint states a legal conclusion for which no answer is required, including to the extent it seeks to characterize Defendant's alleged knowledge as giving rise to consent to, or liability under, UWL's bills of lading. To the extent an answer is required, it is admitted only that Context's loan documents with

Rize included provisions addressing in-transit inventory and bills of lading as part of Context's secured-lending and collateral-perfection structure. Defendant denies that such provisions, or any alleged knowledge that Context was identified on any bill of lading, constituted consent to UWL's bill of lading terms and conditions, made Context a "Merchant," or created any obligation by Context to pay UWL's freight or related charges. Defendant denies the remaining allegations of this paragraph.

14. Denied. This paragraph of the Complaint references documents which are in writing and speak for themselves, and states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph. It is specifically denied that Defendant is a "Merchant" under, or is bound by, UWL's bill of lading terms and conditions.

15. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same. It is specifically denied that Defendant owes UWL any amount.

16. Admitted in part; denied in part. It is admitted only that UWL sent a demand letter to Context and that Context declined to pay the demanded amount. Defendant denies that the demand was valid, that the amount demanded was owed by Context, or that Context is liable to UWL for freight or related charges. Defendant denies the remaining allegations of this paragraph.

**COUNT I**
**BREACH OF CONTRACT**

17. In response to Paragraph 17 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 16 as if fully rewritten herein.

18. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

19. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and it therefore denies the same.

20. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

21. Admitted in part; denied in part. This paragraph of the Complaint references documents which are in writing and speak for themselves. Any characterizations thereof are expressly denied. It is admitted only that one or more bills of lading, including the sample bill of lading attached to the Complaint, contain language identifying goods as consigned "to order of" Context. It is specifically denied that Defendant is a "Merchant" under, or is bound by, the terms and conditions of UWL's bills of lading. Defendant denies the remaining allegations of this paragraph.

22. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

23. Denied. It is expressly denied that Defendant is responsible for, or has any obligation to pay, any freight or related charges for UWL's transportation of the goods at issue.

24. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

25. Denied. This paragraph of the Complaint states a legal conclusion for which no answer is required. To the extent an answer is required, Defendant denies the allegations of this paragraph.

**RESPONSE TO PRAYER FOR RELIEF AND GENERAL DENIAL**

Defendant denies that UWL is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph of the Complaint, including subparagraphs A through C, or to any relief whatsoever against Defendant.

Defendant denies each and every allegation of the Complaint, including any allegation contained in any heading, subheading, footnote, or exhibit, that is not expressly admitted above.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, and reserving the right to amend this Answer to assert additional defenses as they become known through discovery, Defendant asserts the following defenses:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted because, among other reasons, it does not plausibly allege that Context consented to UWL's bill of lading terms and conditions, accepted delivery of the goods, exercised dominion or control over the goods as a merchant, or otherwise became obligated to pay freight or related charges.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant. Context did not consent to the forum selection clause in UWL's bill of lading terms and conditions and is not bound by it. Context's alleged identification on certain bills of lading arose from its secured lending relationship with Rize and did not constitute consent to personal jurisdiction in Ohio or to any Ohio forum clause.

## THIRD AFFIRMATIVE DEFENSE

Venue is improper in this District to the extent Plaintiff relies on the forum selection clause in UWL's bill of lading terms and conditions. Context did not consent to that forum selection clause, is not bound by it, and reserves all objections to venue to the fullest extent permitted.

## FOURTH AFFIRMATIVE DEFENSE

Defendant owed no duty or obligation to Plaintiff because Defendant is not a party to, and never consented to be bound by, any UWL bill of lading or UWL's bill of lading terms and conditions. No shipper, consignee, borrower, customs broker, or other person had actual or apparent authority to bind Defendant to UWL's bills of lading or to assume freight or related charges on Defendant's behalf.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused by persons or entities other than Defendant, including Rize, over whom Defendant had no control and for whose acts or omissions Defendant is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

Any identification of Defendant on any bill of lading arose solely from Context's role as Rize's secured lender and from lien perfection, document of title, and collateral monitoring mechanics under Context's financing arrangement with Rize. Such identification did not make

Defendant a purchaser, importer, owner, merchant, or party liable for UWL's freight or related charges.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant never ordered, purchased, accepted delivery of, took possession of, stored, used, endorsed for release, directed delivery of, or exercised dominion or control over the goods at issue, and therefore did not assume liability for freight, demurrage, detention, storage, chassis, destination, customs brokerage, accessorial, or related charges.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or reduced, in whole or in part, by mitigation, payment, setoff, recoupment, credit, and proceeds. Any recovery must be reduced by all amounts paid by Rize or any other person, all proceeds of UWL's sale or other disposition of the goods at issue, all amounts that UWL could have obtained through commercially reasonable mitigation, and all amounts attributable to goods, shipments, invoices, or charges not properly chargeable to Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel. Plaintiff treated Rize as its customer and counterparty, dealt with Rize regarding the goods and their alleged abandonment, retained and sold cargo rather than obtaining payment from Rize, and cannot recast Defendant's collateral monitoring designation as consent to liability for UWL's charges.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent they seek charges that are unsupported, not authorized by an enforceable contract or tariff binding Defendant, or incurred after UWL's sale or other disposition of the goods.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent they seek charges under bills of lading that do not identify Defendant as consignee, for shipments that were prepaid or paid by another person, or that are not allocable to goods allegedly consigned to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages recoverable from Defendant. Any alleged unpaid freight, demurrage, detention, storage, chassis, destination, customs brokerage, accessorial, or related charges were obligations, if at all, of Rize or another party, and any alleged damages have been or must be reduced by payments, cargo-sale proceeds, mitigation, and other credits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not a "Merchant" within the meaning of any UWL bill of lading terms and conditions that are enforceable against Defendant. Defendant did not consent to any such definition, and Plaintiff cannot impose "Merchant" status on Defendant solely through a unilateral bill of lading designation or a shipper's purported acceptance of terms on Defendant's behalf.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts or seeks to assert any equitable, quasi-contractual, unjust enrichment, quantum meruit, or similar theory, Defendant has not been unjustly enriched by any services provided by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced because neither UWL's regulatory status, the Carriage of Goods by Sea Act, Federal Maritime Commission regulations, nor any tariff or bill of lading provision imposes freight payment liability on Defendant absent an enforceable contractual or legal basis binding Defendant to the specific charges at issue. Defendant reserves the right to amend this Answer to assert additional defenses that may become apparent during investigation or discovery.

## COUNTERCLAIMS

Context, for its Counterclaims against UWL, alleges as follows:

1. Context is a limited partnership organized under the laws of the State of Delaware, with its principal place of business at One Belmont Avenue, Suite 630, Bala Cynwyd, Pennsylvania 19004.

2. UWL alleges that it is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio.

3. Context extended a revolving credit facility to Rize under that certain Loan and Security Agreement dated April 19, 2024, as amended (the "Loan Agreement"). The Loan Agreement is secured by, among other collateral, Rize's accounts, inventory, in transit inventory, documents of title, related rights, and proceeds.

4. Context perfected its security interests by filing a UCC financing statement against Rize with the Delaware Department of State, U.C.C. Filing Section, on April 2, 2024, as Initial Filing No. 2024 2175196, covering all present and future assets of Rize, wherever located, together with all products and proceeds thereof, which includes the relevant collateral, including inventory, in transit inventory, documents of title, related rights, and proceeds.

5. Context was not the shipper, buyer, purchaser, importer, owner, or merchant of any cargo transported by UWL for Rize. Context did not order, purchase, accept delivery of, take possession of, store, use, or exercise dominion or control over any such cargo.

6. Rize, not Context, hired UWL to provide transportation services for goods imported by Rize, and Rize, not Context, arranged the shipments, purchased the goods, and directed their transportation.

7. On or about July 16, 2026, UWL demanded that Context pay $634,017.54 in alleged freight, detention, demurrage, storage, customs brokerage, and related charges under forty-two (42) bills of lading, asserting that Context was liable because it was identified as consignee on the shipments.

8. On or about July 24, 2026, UWL stated that it was exercising lien rights and seeking to sell cargo in its possession. Context has requested information concerning the cargo sale, sale proceeds, sale costs, and application of proceeds.

9. UWL filed this action seeking at least $846,871.42 in alleged freight and related charges, an amount materially higher than the amount demanded in July 2026.

10. Upon information and belief, after asserting lien rights over cargo in its possession, UWL sold some or all of the goods transported under the bills of lading at issue. Context's information and belief is based on, among other things, UWL's July 24, 2026, written notice stating that UWL was exercising lien rights and seeking to sell cargo in its possession, information received from Rize, and other information available to Context indicating that a sale occurred. The details of the sale, including the cargo sold, sale date, purchaser, gross proceeds, sale expenses, application of proceeds, and any remaining proceeds, are within UWL's possession, custody, or control.

11. Context did not authorize UWL, Rize, any purchaser, or any other person to sell or otherwise dispose of the goods free and clear of Context's security interests. Context's security interests therefore continued in the goods notwithstanding any sale or other disposition and attached to all identifiable proceeds of the goods.

12. UWL has not provided Context with a complete accounting of the cargo sale, including a container specific sale report, the buyer, sale date, gross price, itemized sale costs, allocation of proceeds by shipment and invoice, amounts paid by Rize or others, the charges satisfied from any proceeds, and any surplus or remaining proceeds.

13. UWL's lien, if any, was limited to valid charges secured by the particular goods in UWL's possession and did not authorize UWL to extinguish Context's security interests or retain proceeds beyond the amount of any valid senior lien.

**COUNT I**
**DECLARATORY JUDGMENT**

14. Context incorporates by reference paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

15. An actual controversy exists between Context and UWL concerning the priority, scope, and effect of Context's security interests, UWL's asserted lien rights, the disposition of the goods, and the application of any sale proceeds.

16. Context seeks a declaration that Context's perfected security interests continued in the goods and attached to identifiable proceeds of any sale or other disposition, except only to the extent displaced by a valid, enforceable, senior lien held by UWL for charges lawfully secured by the specific goods sold.

17. Context further seeks a declaration that UWL must account for, preserve, and pay over to Context any proceeds remaining after satisfaction of any valid senior charges, and that UWL may not apply collateral proceeds to unrelated, unsupported, previously delivered, disputed, junior, or otherwise unrecoverable charges. Context also seeks a declaration of the parties' rights and obligations under the bills of lading at issue, including that Context is not a party to, a "Merchant" under, or bound by the terms and conditions of UWL's bills of lading, including their forum selection clause; that the identification of goods as consigned "to order of" Context did not constitute Context's consent to those terms or an assumption of freight or related charges; that Context owes UWL no freight or related charges under the bills of lading; and that any lien rights UWL may have under the bills of lading are limited to valid charges secured by the particular goods in UWL's possession and did not extinguish or prime Context's security interests except to the extent of any valid senior lien.

18. Context brings this Count under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the exercise of declaratory jurisdiction is appropriate. A declaratory judgment will settle the controversy between Context and UWL because their competing claims to the goods and proceeds, and their rights and obligations under the bills of lading, turn on the existence, scope, and priority of their respective interests, all of which are before this Court in this action.

19. A declaratory judgment will serve a useful purpose in clarifying the legal relations in issue by defining the parties' respective rights in the goods and proceeds, determining which charges, if any, were validly secured by the specific goods sold, and establishing what proceeds remain and to whom they belong.

20. Context does not seek declaratory relief for purposes of procedural fencing or to provide an arena for res judicata. UWL chose this forum by filing its Complaint, and Context

asserts this Count as a counterclaim arising from the same bills of lading, goods, and lien sale at issue in UWL's claim.

21. A declaratory judgment will not increase friction between federal and state courts or encroach upon state jurisdiction. To Context's knowledge, no state court proceeding is pending concerning these issues, and the issues are intertwined with the federal maritime questions already before this Court on UWL's claim.

22. No alternative remedy is better or more effective. Resolving the parties' rights in this action, together with UWL's claim and Context's related Counterclaims, avoids piecemeal litigation and inconsistent results that would follow from a separate proceeding.

**COUNT II**
**ACCOUNTING, TURNOVER, CONSTRUCTIVE TRUST**
**AND UNJUST ENRICHMENT IN THE ALTERNATIVE**

23. Context incorporates by reference paragraphs 1 through 22 of its Counterclaims as if fully set forth herein.

24. UWL sold goods in which Context held perfected security interests and received, retained, or controlled the identifiable proceeds of that sale. Context's security interests continued in the goods notwithstanding the sale and attached to all identifiable proceeds, and any identifiable proceeds not properly applied to a valid senior lien remain subject to Context's security interests.

25. Context lacks an adequate remedy at law to determine the amount due. The cargo sold, sale dates, purchasers, gross proceeds, sale expenses, and application of proceeds are exclusively within UWL's possession, custody, or control; the accounts are complex, involving goods shipped under dozens of bills of lading, multiple categories of disputed charges, and an alleged balance that increased after the sale; and UWL has not provided the accounting Context requested.

26. In selling goods subject to Context's security interests to enforce its asserted lien, UWL held the goods, and holds any identifiable proceeds remaining after satisfaction of any valid lien, in trust for the persons entitled to them, including Context.

27. Upon information and belief, those identifiable proceeds were received by and remain in the possession or control of UWL, and the information needed to trace them to specific funds or accounts is within UWL's exclusive control. Context is therefore entitled to an accounting, and UWL should be required to segregate, preserve, and turn over such identifiable proceeds, or, in the alternative, such identifiable proceeds should be impressed with a constructive trust for Context's benefit.

28. In the alternative, and as an additional basis for the relief sought in this Count, UWL has been unjustly enriched. UWL received and retained a benefit at Context's expense by selling goods in which Context held perfected security interests and receiving, retaining, or controlling identifiable proceeds of that sale. UWL knew of the benefit and of Context's interest in the goods and their identifiable proceeds before it sold the goods. Among other things, UWL's own bills of lading identify goods as consigned "to order of" Context, UWL directed its July 16, 2026, demand to Context, Context notified UWL of its secured lender interest before UWL announced its intent to sell the cargo, and Context's UCC financing statement against Rize is of public record.

29. UWL's retention of identifiable proceeds beyond the amount of any valid charges secured by the particular goods sold is unjust. UWL is not a party to any express contract with Context covering the goods or their identifiable proceeds, and Context pleads unjust enrichment in the alternative to any claim that an express contract governs the parties' rights in the identifiable proceeds.

**COUNT III**
**CONVERSION OF COLLATERAL AND PROCEEDS**

30. Context incorporates by reference paragraphs 1 through 29 of its Counterclaims as if fully set forth herein.

31. At the time of UWL's sale, Context held perfected security interests in the goods and their identifiable proceeds under the Loan Agreement and its UCC financing statement against Rize. Because Context did not authorize any disposition free of its security interests, those interests continued in the goods notwithstanding the sale and attached to the identifiable proceeds under U.C.C. § 9-315.

32. Rize defaulted under the Loan Agreement before UWL's sale, as Rize acknowledged in the forbearance agreement among Context, Rize, and related parties. Upon that default, Context had an immediate right to possession of the collateral and its identifiable proceeds under U.C.C. § 9-609, superior to the rights of UWL except to the extent of any valid senior lien.

33. UWL wrongfully exercised dominion and control over the goods and their identifiable proceeds in denial of Context's rights. With knowledge of Context's interest, UWL sold the goods by private sale without Context's authorization, retained and applied the identifiable proceeds to charges beyond any valid lien on the particular goods sold, and has withheld any remaining identifiable proceeds and refused to account for them.

34. No demand was required because UWL's sale of the goods and application of their identifiable proceeds were affirmative acts of dominion inconsistent with Context's rights. In the alternative, Context requested information concerning the sale and its proceeds, and UWL has neither provided a complete accounting nor turned over any identifiable proceeds remaining after satisfaction of any valid lien.

35. Context has been damaged in an amount to be proven at trial, including the value of the goods or identifiable proceeds at the time of conversion in excess of any valid senior lien; loss or impairment of Context's secured position; and any other damages recoverable by law, subject to avoidance of any double recovery.

**COUNT IV**
**ARTICLE 7 AND ARTICLE 9 NONCOMPLIANCE**
**IN THE ALTERNATIVE**

36. Context incorporates by reference paragraphs 1 through 35 of its Counterclaims as if fully set forth herein.

37. To the extent UWL held a carrier's lien under U.C.C. § 7-307, Article 7 of the Uniform Commercial Code, as enacted in the applicable jurisdiction ("Article 7"), governed UWL's enforcement of that lien. Under U.C.C. § 7-308, UWL could enforce any such lien only by a commercially reasonable public or private sale after notifying all persons known to claim an interest in the goods of the amount due, the nature of the proposed sale, and the time and place of any public sale; was required to permit any person claiming a right in the goods to satisfy the lien before the sale; and was required to hold the balance of any proceeds for delivery on demand to any person to whom UWL would have been bound to deliver the goods. Any bill of lading term purporting to permit sale without notice cannot displace these requirements.

38. Any carrier's lien held by UWL was limited to charges on the particular goods after UWL received them for transportation, together with expenses necessary for their preservation or reasonably incurred in their sale, and did not extend to charges on other shipments. Upon information and belief, any lien for other charges was not effective against Context because UWL had notice that Rize lacked authority to subject goods consigned to Context's order to such charges.

39. Context was a person known to UWL to claim an interest in the goods and a person to whom UWL would have been bound to deliver the goods, as UWL's own bills of lading consigned goods to Context's order and UWL directed its demand to Context before the sale. Context alleges the foregoing, and asserts any notice, delivery, redemption, and proceeds rights under Article 7, solely to preserve its rights, if any, as a secured lender, document-of-title claimant, and person claiming an interest in the goods and identifiable proceeds, and not as an admission that Context was a contracting consignee, Merchant, owner, importer, purchaser, shipper, or party liable for freight or related charges under any UWL bill of lading, tariff, or related terms and conditions.

40. UWL failed to comply with U.C.C. § 7-308. UWL did not notify Context of the amount due, the nature of the proposed sale, or the time and place of any sale, and thereby deprived Context of the opportunity to satisfy any valid lien and redeem the goods. Upon information and belief, UWL also failed to sell the goods on commercially reasonable terms, failed to hold the balance of the proceeds for delivery to Context, and applied or threatened to apply proceeds to disputed, unsupported, or junior charges.

41. UWL's failure to comply with U.C.C. § 7-308 was willful. UWL proceeded with a private sale after Context had notified UWL of its secured lender interest, without giving Context notice or an opportunity to redeem, rendering UWL liable for conversion under U.C.C. § 7-308.

42. In the alternative, to the extent UWL contends that it disposed of the goods as a secured party or under a security interest governed by Article 9 of the Uniform Commercial Code, as enacted in the applicable jurisdiction ("Article 9"), UWL failed to comply with U.C.C. §§ 9-610, 9-611, and 9-615 by failing to conduct a commercially reasonable disposition, failing to send

reasonable notification to Context as a secured party of record, and failing to apply and account for the proceeds, including any surplus.

43. Context held a security interest in the goods at the time of UWL's noncompliance and has suffered actual loss caused by that noncompliance, including the loss of its opportunity to redeem the goods, any reduction in sale proceeds resulting from a commercially unreasonable sale, and the proceeds UWL failed to hold for Context. Context is entitled to recover such damages under U.C.C. § 7-308 and, in the alternative, U.C.C. § 9-625(b) and (c)(1), together with all other relief available by law or equity.

**WHEREFORE**, having fully answered the Complaint and asserted its Counterclaims, Defendant and Counterclaim-Plaintiff Context Credit Holdings, LP respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) enter judgment in Context's favor and against UWL on all claims asserted in the Complaint; (c) enter judgment in Context's favor and against UWL on Context's Counterclaims; (d) declare the priority, scope, and continuing effect of Context's security interests in the goods and proceeds, and declare the parties' rights and obligations under the bills of lading at issue, including that Context is not bound by, and owes no freight or related charges under, those bills of lading; (e) order UWL to provide a complete accounting of any sale or other disposition of the goods and any proceeds; (f) order UWL to preserve, segregate, and turn over all proceeds subject to Context's security interests after satisfaction of any valid senior lien, or, in the alternative, impose a constructive trust on such proceeds for Context's benefit; (g) award Context damages in an amount to be proven at trial; (h) award Context its costs and, to the extent permitted by law, its attorneys' fees; and (i) grant such other and further relief as the Court deems just and proper.

Dated: November 12, 2026

Respectfully submitted,

**SONKIN & KOBERNA, LLC**

*/s/ Rodd A. Sanders*
Mark R. Koberna (0038985)
Rodd A. Sanders (0063835)
SONKIN & KOBERNA, LLC
3401 Enterprise Parkway, Suite 400
Cleveland, Ohio 44122
Telephone: (216) 514-8300
Facsimile: (216) 514-4467
mkoberna@sklawllc.com
rsanders@sklawllc.com
*Co-Counsel for Defendant*
*Context Credit Holdings, LP*

-and-

**ROYER COOPER COHEN BRAUNFELD LLC**

*/s/ Barry L. Cohen*
Barry L. Cohen (*pro hac vice application forthcoming*)
Marc Skapof (*pro hac vice application forthcoming*)
ROYER COOPER COHEN BRAUNFELD LLC
Three Logan Square
1717 Arch Street, Suite 4700
Philadelphia, PA 19103
Telephone: 215.839.1000
bcohen@rccblaw.com
mskapof@rccblaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Context Credit Holdings, LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, a true and correct copy of the foregoing *Answer, Affirmative Defenses, and Counterclaims* was filed electronically with the Clerk of the Court using the Court's electronic filing system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, which constitutes service upon them. Parties may access this filing through the Court's system.

*/s/ Rodd A. Sanders*
Rodd A. Sanders (0063835)